United States Courts
Southern District of Texas
FILED

JAN 0 9 2004

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

United States Courts
Southern District of Texas
ENTERED

JAN 1 2 2004

Michael N. Milby, Clerk

141

| | | |
|---|---|---|
| DALTON ARSEMENT, JR. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-02-774 |
| | § | |
| SPINNAKER EXPLORATION COMPANY, | § | |
| L.L.C., *et al.* | § | |

**CONDITIONAL FINAL JUDGMENT, SUBJECT TO PLAINTIFF'S CONSIDERATION OF REMITTITUR**

On October 6, 2003, this case came on for jury trial, the Honorable Samuel B. Kent presiding. Plaintiff, Dalton Arsement, Jr., appeared in person by and through his attorneys of record, and Defendants, Spinnaker Exploration Company, L.L.C. White Wing Consultants and Joe Nowiczewski, Individually and d/b/a Nova Consulting Services, appeared in person and by and through their attorneys of record and announced ready for trial.

The Court had proper jurisdiction over the subject matter and the parties to this proceeding, and venue was uncontested. The Court empaneled and swore the Jury, which heard the evidence and arguments of counsel. The Court submitted questions, definitions, and instructions to the Jury. In response, the Jury made findings that the Court received and filed; and the Court entered an Interim Judgment based on the Jury's findings.

Pursuant to the Jury's findings, the Court finds and concludes, subject to its conditional granting of a new trial subject to Plaintiff's acceptance of remittitur, that Defendant Spinnaker

Exploration Company, L.L.C., was negligent, proximately causing Dalton Arsement's injuries, and is jointly and severally thirty-one percent (31%) liable for Dalton Arsement's damages.

Pursuant to the Jury's findings, the Court finds and concludes, subject to its conditional granting of a new trial subject to Plaintiff's acceptance of remittitur, that Defendant, White Wing Consultants, was negligent, proximately causing Dalton Arsement's injuries, and is jointly and severally thirty-one percent (31%) liable for Dalton Arsement's damages.

Pursuant to the Jury's findings, the Court finds and concludes, subject to its conditional granting of a new trial subject to Plaintiff's acceptance of remittitur, that Defendant, Joe Nowiczewski, Individually and d/b/a Nova Consulting Services, was negligent, proximately causing Dalton Arsement's injuries, and is jointly and severally thirty-one percent (31%) liable for Dalton Arsement's damages.

Pursuant to the Jury's findings, the Court finds and concludes that Plaintiff, Dalton Arsement, was negligent, proximately causing his own injuries, and is seven percent (7%) liable for his own damages.

Pursuant to the Jury's findings, the Court finds and concludes that the jury awarded **Two Million Six Hundred Eighty-Nine Thousand Three Hundred Forty-four and no/100 Dollars ($2,689,344.00)** in total damages to Plaintiff Dalton Arsement.

Pursuant to the Jury's findings, the Court finds and concludes that Plaintiff Dalton Arsement is therefore conditionally entitled to damages reduced by his own percentage of fault which totals

**Two Million Five Hundred One Thousand Eighty-Nine and 90/100 Dollars ($2,501,089.90),** together with applicable interest, as provided by law, and taxable (allowable) costs of court.

The Court further finds and concludes that Plaintiff is thereby conditionally entitled to prejudgment interest on the past damages awarded by the Jury. Applying Texas law as a federal surrogate law, prejudgment interest is calculated at five percent (5%) on all past damages. After subtracting the Plaintiff's percentage of fault, the past damages conditionally total $329,585.00. The prejudgment interest on that amount equals **Fifteen Thousand Nine Hundred Sixty-one and 42/100 Dollars ($15,961.42)**.

The Court further finds and concludes that Plaintiff is conditionally entitled to post-judgment interest. Post-judgment interest is calculated at 1.2975 percent (1.2975%), based on the federal rate provided in 28 U.S.C. 1961 and compounded annually.

The Court further finds and concludes that Plaintiff, Dalton Arsement, is conditionally entitled to taxable court costs, excluding any request for reimbursement of "internal" copies, in the amount of **Fourteen Thousand Eight Hundred Fifty and 16/100 Dollars ($14,850.16)** jointly and severally against Defendants. This amount (excluding "internal" copies) was properly proved by the Bill of Costs submitted by Plaintiff, which are not timely contested by Defendants.

Therefore, it is conditionally **ORDERED, ADJUDGED and DECREED** that Plaintiff shall have and recover of and from Defendants, Spinnaker Exploration Company, L.L.C. White Wing Consultants and Joe Nowiczewski, Individually and d/b/a Nova Consulting Services, jointly and

severally, judgment in the amount of **Two Million Five Hundred Thirty-one Thousand Nine Hundred One and 46/100 Dollars ($2,531,001.46)**, together with applicable interest, as provided by law, and taxable (allowable) costs of court.

The Court Orders Plaintiff to accept or reject its Conditional Order of Remittitur within ten (10) days of this Order, failing the acceptance of which, the Court will vacate this Conditional Final Judgment, subject to Plaintiff's consideration of Remittitur, and will grant Defendant a new trial on all issues.

**NO EXECUTION SHALL PROCEED HEREUNDER, pending further Order of the Court.**

**DONE** at Galveston, Texas this the 9th day of January, 2004.

SAMUEL B. KENT
UNITED STATES DISTRICT JUDGE