United States Courts
Southern District of Texas
FILED

JAN 0 9 2004

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

United States Courts
Southern District of Texas
ENTERED

JAN 1 2 2004

Michael N. Milby, Clerk

142

| | | |
|---|---|---|
| DALTON ARSEMENT, JR. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-02-774 |
| | § | |
| SPINNAKER EXPLORATION COMPANY, | § | |
| L.L.C., *et al.* | § | |

**ORDER GRANTING DEFENDANT'S MOTION FOR NEW TRIAL UNLESS PLAINTIFF ACCEPTS REMITTITUR PROVIDED HEREIN**

This cause, wherein Plaintiff alleges serious maritime personal injuries, came on for jury trial before this Court, on October 6, 2003, the undersigned presiding. Plaintiff presented a compelling case, on both liability and damages and the Jury awarded Two Million Six Hundred Eighty-nine Thousand Three Hundred Forty-four and no/100 Dollars ($2,689,344.00). To some extent, the Defendants are authors of this remarkably high verdict inasmuch as while Defendants presented a spirited defense on liability, and utilized the services of an independent medical examiner, Defendants cast this case in essentially an "all or nothing" scenario. Defendants offered no rebuttal testimony regarding Plaintiff's economic model, his rehabilitation and medical expenses and his life care planning. In the absence of any rebuttal testimony, whatsoever, the Jury was of course free to operate at a very high level.

Unfortunately, it is this Court's firm belief that this sort of defense can lead to a skewed result, as occurred in this case. There is no question that Plaintiff was seriously injured, and this his

future will be filled with serious medical expenses and a diminution in wage earning capacity. However, the Court simply does not believe that the Verdict rendered by the Jury in this case is entirely supported by the Record. Rather, the Court believes that the Plaintiff's recovery should be for a lesser amount, as herein provided.

The Court takes no action herein to adjust the apportionment of liability, finding such to be adequately supported by the Record. Referring solely and specifically to the Jury's findings on the damages elements provided in the Verdict Form, which the Jury considered at the completion of this trial, the Court concludes and finds as follows:

1. Past pain and suffering - $30,000.00. The Court finds, and concludes, based upon the testimony and evidence adduced at trial, that this is fair compensation for this element;

2. Future pain and suffering - $370,000.00. The Court finds and concludes that this figure is somewhat excessive, based upon the testimony and evidence adduced at trial. Rather, the Court finds and concludes that $250,000.00 is adequate compensation for this item. The Court accordingly Orders a reduction of this amount, by remittitur, to Two Hundred Fifty Thousand and no/100 Dollars ($250,000.00);

3. Past lost wages - $189,000.00. The Court finds and concludes, based upon the testimony and evidence adduced at trial, that this is fair compensation for this element, being completely uncontroverted, in the Record;

4. Future loss of earning capacity - $1,059,844.00. Again, the testimony and evidence adduced at trial, regarding this phase of Plaintiff's alleged damages, was completely uncontroverted by Defendants. Nevertheless, based upon this Court's extensive experience in same or similar types of cases over the last almost thirty (30) years, as both a litigator in this Court, and presiding over this Court, the Court feels that this award is manifestly excessive. These damages are predicated upon the diagnosis of Plaintiff with Reflex Sympathetic Dystrophy. The "compensation" independent medical examiner, Dr. Kimberly Henderson, conceded that this is a controversial diagnosis, and it is flatly controverted by Defendants' Independent Medical Examiner, Dr. David Baskin. The Court sincerely believes that Plaintiff will indeed continue to have significant medical problems. However, the Court does not believe that Plaintiff will require the level of medical care opined by Plaintiff's rehabilitation experts, and does not believe that Plaintiff will be as significantly disabled as alleged in his and other relevant testimony. The Court believes that Plaintiff is a remarkably bright and well motivated individual who, over the next few years, will likely rehabilitate himself to be in a position to earn considerably more than that opined by

his economic analyst. Accordingly, the Court Orders that this award be remitted to Six Hundred Twenty-five Thousand and no/100 Dollars ($625,000.00);

5. Past disfigurement - $500.00. The Court finds and concludes that there was sufficient evidence and testimony to support this award;

6. Future disfigurement - $5,000.00. The Court finds and concludes that there was sufficient evidence and testimony to support this award;

7. Past physical impairment - $5,000.00. The Court finds and concludes there was sufficient evidence and testimony to support this award;

8. Future physical impairment - $150,000.00. The Court finds and concludes that this essentially uncontroverted award is not adequately justified by the testimony and evidence adduced at trial. The Court believes that Plaintiff will have significant problems, but not to this degree. Accordingly, based upon the evidence and testimony adduced at trial, the Court Orders this award remitted to One Hundred Thousand and no/100 Dollars ($100,000.00);

9. Past medical care - $130,000.00. The Court finds and concludes that the testimony and evidence adduced at trial, being completely uncontroverted by Defendants, supports this award;

10. Future medical care - $750,000.00. The Court finds and concludes that this award is excessive based upon the testimony and evidence adduced at trial. The Court

believes that Plaintiff will have significant medical problems in the future, but does not believe that he will have to have his implant replaced with the frequency opined by his principle doctor, Dr. Angela Merjaux, or his pain doctor, Dr. John Martin, and also believes that his other ancillary care will be considerably less than that found in the Jury's Award. Accordingly, the Court Orders this award remitted to Three Hundred Twenty-five Thousand and no/100 Dollars ($325,000.00).

On the basis of the foregoing findings and conclusions, and pursuant to applicable provisions of the Federal Rules of Civil Procedure, and its own inherent powers, the Court finds that the Jury's Award of damages in this case, to Plaintiff, should be reduced to the total amount of One Million Six Hundred Fifty-Nine Thousand Five Hundred and no/100 Dollars ($1,659,500.00), together with applicable interest as provided by law and taxable (allowable) costs of court. The Court Orders Plaintiff to accept or reject this remitted Award within ten (10) days of the date of entry of this Order. Failing Plaintiff's affirmative acceptance of remittitur, the Court will vacate the Conditional Final Judgment entered herein, this date, and will forthwith grant Defendant a new trial on all issues, such to be scheduled as promptly as the Court's concurrent docket obligations will permit.

**IT IS SO ORDERED.**

**DONE** at Galveston, Texas this the 9th day of January, 2004.

SAMUEL B. KENT
UNITED STATES DISTRICT JUDGE